## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MASSACHUSETTS

`

Illuminus, LLC

Plaintiff,

v.

lluminarium Experiences, LLC.

Illuminarium Beltline, LLC

CS Illuminarium, LLC

Illuminarium Access PA GP, LLC

Intuitus Illuminarium, LLC

New Illuminarium Investors, LLC

SSS Illuminarium, LLC

Rockwell Architecture, Planning and Design, P.C.

Defendants.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Civ. 1:21-cv-11586-DPW

**FIRST AMENDED**

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Illuminus LLC hereby submits this First Amended Complaint as a matter of right insofar as there has been no responsive pleading submitted to date by any such Defendant named herein. Moreover, the purpose of such amendment is to correctly name the Defendant Rockwell Architecture, Planning and Design, P.C. which was incorrectly designated in the original complaint. Plaintiff has also made some other minor revisions.

Plaintiff Illuminus, LLC ("Plaintiff"), for its Complaint against defendants ILLUMINARIUM EXPERIENCES, LLC, ILLUMINARIUM BELTLINE, LLC, CS ILLUMINARIUM, LLC, ILLUMINARIUM ACCESS PA GP, LLC, INTUITUS ILLUMINARIUM, LLC, NEW ILLUMINARIUM INVESTORS, LLC, SSS ILLUMINARIUM, LLC, and ROCKWELL ARCHITECTURE, PLANNING AND DESIGN, L.L.C. ("Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for infringement of Plaintiff's federally-registered service mark,

ILLUMINUS under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and

false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for contributory

and vicarious infringement under 15 U.S.C. § 1114(1), for trademark infringement under Massachusetts

common law, for fraudulent declaration of a federal trademark application the U.S. Patent & Trademark

Office ("USPTO") in violation of the Lanham Act, 15 U.S.C. §1120, for cancellation of a federal

trademark registrations pursuant to the Lanham Act, 15 U.S.C. §1119, for civil conspiracy, and for

substantial and related claims of unfair and deceptive trade practices under the statutory and common

laws of the Commonwealth of Massachusetts, all arising from the Defendants unauthorized use of the

marks ILLUMINARIUM and ILLUMINARIUM EXPERIENCES  in connection with the marketing,

advertising, promotion, offering for sale, and/or sale of exhibitions that feature large scale projected

video events, exhibits, attractions immersive media and entertainment experiences to the public.

2.     Plaintiff, in addition thereto, seeks injunctive and monetary relief.

**JURISDICTION**

3.     This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§

1331, 1332(a) and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28

U.S.C. § 1367.

4.     This Court has personal jurisdiction over the Defendants pursuant to the Massachusetts

Long Arm Statute, M.G.L. c. 223A, and the provisions of the U.S. Constitution relating to the principles

of due process. On information and belief, the Defendants maintain systematic contacts with the

Commonwealth of Massachusetts.  The Defendants' substantial conduct in state activities within the

Commonwealth of Massachusetts gives rise to purposefully established minimum contacts with the forum state.

5.      In further stating, the Defendants directly and by and through each other as agents and as acting and abetting in furtherance of their combined, unified business activities, the Defendants have transacted business in the Commonwealth of Massachusetts pursuant to G. L.  c. 223A §3(a).

6.      Finally, the acts of the Defendants have caused tortious injury within the Commonwealth of Massachusetts to Plaintiff, see G.L. c223A §3.   On information and belief, it is further alleged that the Defendants directly and by and through their agents regularly solicit business, and engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

## VENUE

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), in that substantial part of the events or omissions giving rise to the claim occurred in this district, that Defendants transact business in the Commonwealth of Massachusetts and contract to supply services or things in the Commonwealth. In particular, Defendants own and operate an interactive website located at https://www.illuminarium.com from which Defendants promote, offer for sale, sell and distribute products and provide services to residents of the Commonwealth of Massachusetts. In addition thereto, Plaintiff owns and operates its business primarily in Massachusetts, and has suffered injury in Massachusetts as a result of the acts and/or omissions of the Defendants.

8.      The actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive acts and/ or practices in violation of chapter 93A §§ 2 and 11 have occurred and continue to occur primarily and substantially within the Commonwealth of Massachusetts.

**PARTIES**

9.      Plaintiff Illuminus LLC is a limited liability duly company formed under the laws of Commonwealth of Massachusetts. Illuminus has its principal place of business located in the Commonwealth of Massachusetts.

10.      Upon information and belief, Defendant ILLUMINARIUM EXPERIENCES, LLC is a limited liability company duly formed under the laws of the Cayman Islands.

11.      Upon information and belief, Defendant ILLUMINARIUM BELTLINE, LLC is a limited liability company duly formed under the laws of Georgia.

12.      Upon information and belief, Defendant CS ILLUMINARIUM, LLC is a limited liability company duly formed under the laws of Georgia.

13.      Upon information and belief, Defendant ILLUMINARIUM ACCESS PA GP, LLC is a limited liability company duly formed under the laws of Georgia.

14.      Upon information and belief, Defendant INTUITUS ILLUMINARIUM, LLC is a limited liability company duly formed under the laws of Georgia.

15.      Upon information and belief, Defendant NEW ILLUMINARIUM INVESTORS, LLC is a limited liability company duly formed under the laws of Georgia.

16.      Upon information and belief, Defendant SSS ILLUMINARIUM, LLC, is a limited liability company duly formed under the laws of Georgia.

17.      Upon information and belief, the above-named Defendants are under common ownership and /or control, as evidenced by the common incidence of the term "Illuminarium" in their entity

designations, and the commonality of addresses and/or officers and/or directors (sometimes the above-named Defendants are individually and collectively referred to herein as the "Illuminarium Defendants").  As will be more particularly set out hereinbelow, because the Illuminarium Defendants blur the distinction among and between the various Illuminarium Defendants by their interchangeable and/or collective use of resources, references, addresses, personnel, pooled resources, knowledge, expertise and other joint attributes, the Illuminarium Defendants are treated where appropriate for convenience herein as one enterprise.

18.     Upon information and belief, Defendant ROCKWELL ARCHITECTURE, PLANNING AND DESIGN, P.C. is a professional services corporation company duly formed under the laws of New York.

## FACTS

The Creation Of Illuminus By Its Founder, Jeff Grantz

19.     Plaintiff 's manager and agent, Jeffrey Grantz, is a multidisciplinary designer, creative technologist, and project developer.

20.     Mr. Grantz is a preeminent world-renowned pioneer in the media format known as 3D projection mapping.

21.     In 2010, Mr. Grantz founded the "Materials & Methods Studio" in Boston which has designed and implemented nearly 100 medium to large scale projects which continue to push industry standards and set new precedents for creative applications of technology within the built environment.

22.     In 2011, Mr. Grantz served as co-executive director of Nuit Blanche NYC—a night-time festival of the arts replicated all around the world.

23.     In May 2011, Mr Grantz managed and directed FLASH:light in New York City,  a multimedia projection festival which included museums, private and public art galleries and other cultural institutions open and free of charge, with the center of the city itself being turned into a de facto art gallery, providing space for art installations, performances (music, film, dance, performance art), themed social gatherings, and other activities--and the New Museum in SoHo.

24.     Mr. Grantz's notable designs and installations include digital media installations for the Boston Convention Center; Universal Studios; Disney; Converse's World Headquarters, Royal Caribbean's newest ship the Ovation of the Seas; and Harvard's Spaulding Rehabilitation Hospital.

25.     In addition, Materials & Methods has won numerous industry awards including: DSE Digital Media Installation of the Year in both 2010 and 2013, the Digi Award for Creative Content, and the A.R.E Retail Environment of the Year in 2013.

26.     Mr. Grantz is also the Director of Creative Technologies for Design Communications Ltd. in Boston.

27.     Mr. Grantz has delivered conference keynote presentations, and has been engaged to speak publicly to domestic and international audiences about enabling creativity, cutting-edge technology, and the provision of immersive 3D environments.

28.     TED Conferences LLC is an American media organization that posts "TEDx talks" online for free distribution under the slogan "ideas worth spreading". TEDx organizers look for subject matter experts, often in cutting-edge fields, who are well-respected by their peers.

29.     On August 20, 2018, Mr. Grantz gave a TEDx talk on "how emerging technology is enabling creativity".  Below is a screenshot from YouTube of Mr. Grantz's TEDx talk.



30.     Mr Grantz has established himself as a world-recognized visionary in the media format known as 3D projection mapping, and the provision of immersive environments.

31.     In 2014, Mr. Grantz, parlayed his significant international reputation and good will and launched ILLUMINUS, a nighttime immersive 3D festival in Boston where artists, designers, performers and creative technologists converge to showcase their most thoughtful, innovative, and imaginative works.

32.     Illuminus has become Boston's largest contemporary digital arts festival, showcasing the intersection of science, art, and technology as well as the power of creative intervention in public spaces.

33.     Sponsors for Illuminus include Harvard, MIT, Emerson College, Boston Globe, House of Blues, the RedSox, Massachusetts General Hospital, Converse, Whole Foods Market, Epson, Christie

Digital, Boston Properties, Google, the Boston Convention Center Authority, Mass Cultural Council, Commonwealth of Massachusetts, the Boston Foundation, and the Boston Improvement District.

34.     The images below show approximately 40,000 attendees at site of Illuminus, 2015 behind Fenway Park's famous "green monster" on Lansdowne Street. The background of the second photo shows the Prudential Building, which supported Illuminus by allowing a takeover of the building's lighting to write "ART HUB", which became the number one Twitter feed in the Commonwealth of Massachusetts that day.





35.     In 2019 alone, Illuminus attracted 60,000 attendees.

36.     Participation in Illuminus has helped further the careers of more than 250 artists, architects, designers, musicians, and performers who have been featured and/or participated in ILLUMINUS, and who now also reference and use the Illuminus affiliation and recognition to market themselves and their work.

37.     The distinction, reputation, and goodwill of Mr. Grantz and Illuminus have become virtually synonymous.

38.     Grantz and, a fortiori, Illuminus, have achieved recognition and won numerous, prestigious awards in this field.

39.     BizBash is a trade media platform which provides planners with the information, innovation and insights to execute their events.

40.     The Bizbash Award celebrates innovative event professionals world-wide who are recognized as revolutionizing live and virtual experiences

41.     In 2020, the highly-coveted Bizbash Award was bestowed upon Illuminus, and, a fortiori, upon Mr. Grantz.



42.     Mr. Grantz has been lauded by SEGD - The Society for Experiential Graphic Design as "a superstar of 3D projection mapping for physical spaces."

43.     In 2016, Mr. Grantz's projection mapping workshop presentation at the SEGD Xplorer Conference was touted by SEGD, to wit, "Jeff Grantz! Reason No. 6 to attend Xplorer July 14!" The SEGD Explorer promotional materials prominently featured Plaintiff's **Illuminus** Service mark.



44.     Plaintiff Illuminus, LLC is the owner of valid and subsisting United States Service Mark Registration No. 4972777 on the Principal Register in the United States Patent and Trademark Office for the service mark **ILLUMINUS** (hereinafter "Illuminus Service Mark") for "organizing community festivals featuring primarily art and music and also providing contemporary art, public art, projection art" which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 is a true and correct copy of the registration certificate and maintenance records for Plaintiff's United States Service Mark Registration No. 4972777, which registration was issued by the United States Patent and Trademark Office on June 7, 2016.

45.     Plaintiff has used the **ILLUMINUS** Service Mark in commerce throughout the United States continuously since August 1, 2014 in connection with the design, creation, provision, marketing, advertising, and promotion of immersive 3D media installations. Attached hereto as Exhibit 2 are copies

of representative samples showing Plaintiff's use of the **ILLUMINUS** Service Mark in connection with these services.

46.     As a result of its widespread, continuous, and exclusive use of the **ILLUMINUS** Service Mark to identify its services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the **IILLUMINUS** Service Mark.

47.     Plaintiff's **ILLUMINUS** Service Mark is distinctive to both the consuming public and Plaintiff's trade.

48.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the services sold under the **ILLUMINUS** Service Mark. Since 2014, Plaintiff has expended hundreds of thousands of dollars on the marketing, advertising, and promotion of the services sold under the **ILLUMINUS** Service Mark .

49.     Plaintiff offers and sells its services under its **ILLUMINUS** Service Mark to a wide spectrum of international top-tier corporate clients and municipalities which seek to provide their customers and constituents with state-of-the-art immersive environments which combine large-scale projections, light installations, immersive sound, performance, and multimedia experiences.

50.     Plaintiff offers and provides its services under its **ILLUMINUS** Service Mark to the general public to create 3D mapping technology and immersive art installations which establish new opportunities for art in the public realm whereby artists, designers, performers and creative technologists converge to showcase their most thoughtful, innovative, and imaginative works.

51.     The services Plaintiff offers under the **ILLUMINUS** Service Mark are of world-class high-quality.

52.     As a result of Plaintiff's expenditures and efforts, the **ILLUMINUS** Service Mark has come to signify the high quality of the services designated by the **ILLUMINUS** Service Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

53.     Plaintiff's **ILLUMINUS** Service Mark and the services offered thereunder have received significant unsolicited coverage in various media, including numerous articles in The Boston Globe, The Boston Herald, Boston Magazine, The Guardian, WBUR, and a multitude of online articles. Attached as Exhibit 3 are printouts and URLs of representative samples of such unsolicited media coverage.

54.     Plaintiff is planning to expand Illuminus beyond Boston by producing Illuminus installations in markets outside of Massachusetts.

<u>The Interrelationship Between The Plaintiff And The Defendants</u>

55.     Rockwell Architecture, Planning and Design is an architecture and design firm, founded by David Rockwell, with offices at 5 Union Sq W, New York, NY, 10003-3306.

56.     Plaintiff and Mr. Grantz are well-known to the Defendants, to their officers, directors and employees, and to the officers, directors and employees of Rockwell Group.

57.     LinkedIn proclaims itself as the world's largest professional network on the Internet.

58.     On LinkedIn, people in a network are called "connections" and a network is made up of one's 1st-degree, 2nd-degree, and 3rd-degree connections

59.     Mr. Grantz and Rockwell employees share a network with over 1,000 1st degree and 2nd degree connections on LinkedIn.

60.     On June 6, 2019 Mr. Grantz made a presentation at Rockwell Architecture, Planning and Design (the "Grantz Rockwell Presentation"), which was attended by various Rockwell personnel and employees in senior management, including David Tracy, Director of Creative Technology at Rockwell, Molly Baldovin, and Wayne Fung.

61.     Notably, the Grantz Rockwell Presentation occurred  *five years after the launch of Illuminus in Boston.*

62.     The Grantz Rockwell Presentation occurred   *three years after the effective date of the Plaintiff's United States Service Mark Registration No. 4972777.*

63.     The Grantz Rockwell Presentation occurred *prior to the filing dates on all the Iluminarium Defendants' Intent-To-Use applications for Illuminarium, and Illuminarium Experiences (hereinafter, the "Infringing Marks").*

64.     Below is a photograph Mr. Grantz making the June 6, 2019 Grantz Rockwell presentation to Rockwell personnel, and a screenshot of one of the slides in Mr. Grantz's Presentation during the Grantz Rockwell presentation, which clearly displays the Plaintiff's **ILLUMINUS** Service Mark in connection with services offered thereunder to said Rockwell personnel.

Photograph of the June 6, 2019 Grantz Rockwell Presentation by Mr. Grantz to Rockwell personnel.



Screenshot from Mr. Grantz's presentation during Grantz Rockwell Presentation



65.     As is clearly evident in the picture from a slide hereinabove from Mr. Grantz's presentation, made during Grantz Rockwell Presentation to key Rockwell personnel, the Plaintiff's Illuminus Mark is prominently displayed.

66.     It is virtually inconceivable that the key Rockwell personnel in attendance at the Grantz Rockwell Presentation were unaware of distinction, reputation, and goodwill of Mr. Grantz and Illuminus in the media format known as 3D projection mapping and the rendering of immersive multi-media environments.

67.     It is virtually inconceivable, given the small size of the audience and intimacy of the setting that the key Rockwell personnel in attendance at the Grantz Rockwell Presentation were unaware of the existence of Illuminus.

68.     It is virtually inconceivable that those key Rockwell personnel it attendance at the Grantz Rockwell Presentation were unaware of the attributes of the Plaintiff's usage of Plaintiff's **ILLUMINUS** Service Mark, including such usage in the title page of Plaintiff's promotional video featuring the **ILLUMINUS** Service Mark portrayed in white lettering against a black background.

69.     It is virtually inconceivable that those Rockwell personnel in attendance at the Grantz Rockwell Presentation were unaware of the attributes of the Plaintiff's usage of Plaintiff's **ILLUMINUS** Service Mark, including such usage at the top left corner of Plaintiff's webpage featuring the **ILLUMINUS** Service Mark as consistent white lettering against the background images of its webpage.

The Commencement Of Business Operations By The Defendants

70.     Upon information and belief, Defendants are engaged in the business of providing 3D projection mapping and immersive media and entertainment experiences to the public.

71.     Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its **ILLUMINUS** Service Mark, the Illuminarium Defendants adopted and began using Illuminarium, and Illuminarium Experiences (hereinafter, the "Infringing Mark(s)") in US commerce.

72.     Upon information and belief, on or about July 1, 2021, Defendants opened an entertainment venue, the so-called "Illuminarium", consisting of a  26,000 square-foot entertainment complex on the Atlanta BeltLine in Atlanta Georgia, featuring "traditional motion picture production and virtual reality combined with interactive features that facilitate the experience of the real world."

73.     Upon information and belief, the Illuminarium Complex was designed and developed by Rockwell Architecture, Planning and Design.

74.     Rockwell boasts in its press releases that the Illuminarium was "designed and developed by the LAB at Rockwell Group."

75.     Kyle Greenberg is Senior Producer at Rockwell Architecture, Planning and Design, and was an attendee at the Grantz Rockwell Presentation.

76.     Mr. Grantz and Mr. Greenberg are first-degree connections on LinkedIn.

77.     Below is a composite screenshot of a December 2019 LinkedIn post by Mr. Grantz, touting Illuminus with the hashtag #illuminusboston, and a "like" of said post by Mr. Greenberg.



78.    Below is a screenshot of a LinkedIn post by Kyle Greenberg acknowledging his role and the role of Rockwell Architecture, Planning and Design in producing the so-called "Illuminarium".



79.     The Infringing Marks adopted and used by Defendants are confusingly similar to Plaintiff's **ILLUMINUS** Service Mark, in sight, sound, meaning and overall commercial impact.

80.     Both the Plaintiff's **ILLUMINUS** Service Mark and the Infringing Marks begin with seven identical letters.

81.     Both the Plaintiff's **ILLUMINUS** Service Mark and the Infringing Marks contain the dominant term "Illumin" as a suggestion of glowing and brilliant emanation.

82.     Defendants have mimicked many of the attributes of the Plaintiff's usage of Plaintiff's **ILLUMINUS** Service Mark, thereby creating a confusingly similar commercial impression.

83.     By way of example, the Defendants' mimicking of the Plaintiff's usage of its **ILLUMINUS** Service Mark is manifested in a comparison of the title page of Plaintiff's promotional video, which features the **ILLUMINUS** Service Mark in white lettering against a black background, and the title page of Defendants' promotional video displaying the Infringing Mark, with virtually identical white lettering against a black background, thereby creating a confusingly similar commercial impression.



Title page to ILLUMINUS promo videos



Title page to ILLUMINARIUM promo videos

84.     By way of example, the Defendants' mimicking of the Plaintiff's usage of its **ILLUMINUS** Service Mark is manifested in a comparison of the Plaintiff's usage of its **ILLUMINUS** Service Mark at



Logo top left corner of webpage
*(background image different on each page)*



Logo top left corner of webpage
*(background image different on each page)*

85.     By way of example, the Defendants' mimicking of the Plaintiff's usage of its

**ILLUMINUS** Service Mark is manifested in a comparison of the Plaintiff's usage of its **ILLUMINUS**

Service Mark in promotional posters featuring prominent white lettering against a colored  background,

and the Defendants' promotional posters displaying an Infringing Mark which features virtually

identical prominent white lettering against the background images, thereby creating a confusingly

similar commercial impression.





86.     Both the Plaintiff's **ILLUMINUS** Service Mark and the Infringing Marks are used in connection with 3D projection mapping and the provision of immersive environments.

87.     Upon information and belief, Defendants have been engaged in the provision, advertising, promotion, offering for sale, and sale of 3D projection mapping and immersive media and entertainment experiences using the Infringing Marks throughout the United States. Attached hereto as Exhibit 4 are true and correct copies of examples of Defendants' usage of the Infringing Marks in commerce.

88.     Upon information and belief, the services Defendants have provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Marks are in connection with 3D projection mapping and immersive media and entertainment experiences--services which are of a category which is substantially similar to the services offered by Plaintiff under Plaintiff's **ILLUMINUS** Service Mark.

89.     Upon information and belief, Defendants have provided, marketed, advertised, promoted, offered for sale, and sold its services under the Infringing Mark through Internet websites and social media, including Facebook and YouTube, which are identical trade channels utilized by Plaintiff.

90.     Upon information and belief, Defendants have marketed, advertised, and promoted its services under the Infringing Mark extensively via Internet websites and on social media platforms, including but not limited to Facebook, which are identical trade channels utilized by Plaintiff.

91.     Upon information and belief, Defendants offer and sell its services under the Infringing Mark to consumers who are seeking large-scale projections and light installations alongside immersive

sound, performance, and multimedia experiences, which overlaps with the consumers of the services offered by Plaintiff under Plaintiff's **ILLUMINUS** Service Mark.

92.     The three images below are from an immersive projection mapping event directed and produced by Mr. Grantz, using space theme and images provided by NASA which were composited to create animated celestial backdrop to Audemars Piguet sponsored dinner event in Soho, NYC with celebrity guests. http://www.materials- methods.com/ap-dinner







93.     The three renderings and images below are sourced from the Illuminarium Defendants' promotional video and articles published online, and illustrate the substantially similar category of services offered by Defendants under the Infringing Marks. https://www.ajc.com/life/ radiotvtalk-blog/illuminarium- an-immersive-entertainment- experience-opening-in- atlanta-this-summer/ M3KMEGIAFBA5DEXU7DRB DEKW7M/







94.     Upon information and belief, the Defendants are planning to open similar so-called Illuminarium venues in locations in in Las Vegas at AREA 15 in January 2022 and in Miami, at Mana in the Wynwood Arts District, in spring 2022.

95.     This expansion of Illuminarium venues by the Defendants is likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

96.     Upon information and belief, the services Defendants offer under the Infringing Mark are creatively substandard to the services offered by Plaintiff under Plaintiff's **ILLUMINUS** Service Mark.

97.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

98.     Defendants' infringing acts as alleged herein have resulted in actual confusion as evidenced by a communication Plaintiff received from the head of creative technologies for a global design and architecture firm, who mistakenly thought Illuminus was involved in the so-called Illuminarium.

99.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's **ILLUMINUS** Service Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's services to the Defendants.

100.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

101.     ILLUMINARIUM EXPERIENCES, LLC is the current listed owner of Application No. 88514440 for the mark **ILLUMINARIUM** in connection with "Education and entertainment services, namely, providing interactive location-based digital exhibits in the fields of art, music, science and sports" in International Class 41. That trademark application, based on an application filed on July 15, 2019, was filed on an intent-to-use basis, and was published for opposition on December 8, 2020.

102.     ILLUMINARIUM EXPERIENCES, LLC is the current listed owner of Application No. 90169077 for the mark **ILLUMINARIUM** in connection with "Magnets" in International Class 9, in connection with "Jewelry; Key chains" in International Class 14, in connection with "Decals; Maps; Pencils; Pens; Posters; Prints; Stickers; Fiction books on a variety of topics; Flash cards; Note cards; Stationery writing paper and envelopes; Children's books; Non-fiction books on a variety of topics" in International Class 16, in connection with "Baggage tags" in International Class 18, in connection with "Bowls; Drinkware; Mugs; Vases; Baskets for household purposes; Shot glasses; Water bottles sold empty" in International Class 21, in connection with "Textile wall hangings" in International Class 24, in connection with "Socks; Sweatshirts; T-shirts; Baseball caps and hats; Jackets" in International Class 25, in connection with "Non-textile wall hangings" in International Class 27, and in connection with "Board games; Plush toys" in International Class 28. That trademark application, based on an application filed on September 9, 2020, was filed on an intent-to-use basis, and was published for opposition on February 23, 2021.

103.     ILLUMINARIUM EXPERIENCES, LLC is the current listed owner of Application No.

90169075 for the mark **ILLUMINARIUM EXPERIENCES** in connection with "Magnets" in

International Class 9, in connection with "Jewelry; Key chains" in International Class 14, in connection

with "Decals; Maps; Pencils; Pens; Posters; Prints; Stickers; Fiction books on a variety of topics; Flash

cards; Note cards; Stationery writing paper and envelopes; Children's books; Non-fiction books on a

variety of topics" in International Class 16, in connection with "Baggage tags" in International Class 18,

in connection with "Bowls; Drinkware; Mugs; Vases; Baskets for household purposes; Shot glasses;

Water bottles sold empty" in International Class 21, in connection with "Textile wall hangings" in

International Class 24, in connection with "Socks; Sweatshirts; T-shirts; Baseball caps and hats; Jackets"

in International Class 25, in connection with "Non-textile wall hangings" in International Class 27, and

in connection with "Board games; Plush toys" in International Class 28. That trademark application,

based on an application filed on September 9, 2020, was filed on an intent-to-use basis, and was

published for opposition on March 2, 2021.

104.     ILLUMINARIUM EXPERIENCES, LLC is the current listed owner of Application No.

90171150 for the mark **ILLUMINARIUM EXPERIENCES** in connection with "Providing exhibitions

that feature large scale projected video events, exhibits, attractions and immersive experiences that

feature haptics, sound, interactivity or scent technology for entertainment and educational purposes" in

International Class 41, and in connection with "Restaurant, café and bar services; providing general

purpose facilities for conferences, meetings, social and business events and exhibits" in International

Class 43. That trademark application, based on an application filed on September 10, 2020, was filed on

an intent-to-use basis, and has not yet been published for opposition.

105.     ILLUMINARIUM EXPERIENCES, LLC is the current listed owner of Application No.

90169065 for the mark **ILLUMINARIUM** in connection with "Providing exhibitions that feature large

scale projected video events, exhibits, attractions and immersive experiences that feature haptics, sound, interactivity or scent technology for entertainment and educational purposes" in International Class 41, and in connection with "Restaurant, café and bar services; providing general purpose facilities for conferences, meetings, social and business events and exhibits" in International Class 43. That trademark application, based on an application filed on September 9, 2020, was filed on an intent-to-use basis, and was published for opposition on September 7, 2021.

## CLAIMS

### COUNT I: FEDERAL SERVICEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114 BY ALL OF THE DEFENDANTS

106.    Plaintiff repeats and realleges paragraphs 1 through 105 hereof, as if fully set forth herein.

107.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

108.    Defendants' conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

109.    Upon information and belief, Defendants have committed the foregoing acts of infringement with knowledge of Plaintiff's prior rights in the **ILLUMINUS** Service Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

110.    Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

111.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT II: UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A) AS AGAINST ALL DEFENDANTS.

112.    Plaintiff repeats and realleges paragraphs 1 through 111 hereof, as if fully set forth herein.

113.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

114.    Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

115.    Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

116.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold,

authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

117.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

118.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III: FRAUDULENT REPRESENTATION AND DECLARATION IN A FEDERAL TRADEMARK APPLICATION BY ILLUMINARIUM EXPERIENCES, LLC TO THE U.S. PATENT & TRADEMARK OFFICE ("USPTO") IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. §1120

119.    Plaintiff repeats and realleges paragraphs 1 through 118 hereof, as if fully set forth herein.

120.    On July 15, 2019, ILLUMINARIUM EXPERIENCES, LLC caused the filing of Application No. 88514440 for the mark **ILLUMINARIUM** (the "440 Application") in connection with "Education and entertainment services, namely, providing interactive location-based digital exhibits in the fields of art, music, science and sports" in International Class 41. The signatory on the 440 Application is Catherine Shannon, Executive Vice President of Illuminarium Defendant ILLUMINARIUM EXPERIENCES LLC.

121.    On September 9, 2020, ILLUMINARIUM EXPERIENCES, LLC caused the filing of Application No. 90169077 for the mark **ILLUMINARIUM** (the "077 Application") in connection with

"Magnets" in International Class 9, in connection with "Jewelry; Key chains" in International Class 14, in connection with "Decals; Maps; Pencils; Pens; Posters; Prints; Stickers; Fiction books on a variety of topics; Flash cards; Note cards; Stationery writing paper and envelopes; Children's books; Non-fiction books on a variety of topics" in International Class 16, in connection with "Baggage tags" in International Class 18, in connection with "Bowls; Drinkware; Mugs; Vases; Baskets for household purposes; Shot glasses; Water bottles sold empty" in International Class 21, in connection with "Textile wall hangings" in International Class 24, in connection with "Socks; Sweatshirts; T-shirts; Baseball caps and hats; Jackets" in International Class 25, in connection with "Non-textile wall hangings" in International Class 27, and in connection with "Board games; Plush toys" in International Class 28. The signatory on the 077 Application is Christopher Renaud, Chief Financial Officer of ILLUMINARIUM EXPERIENCES, LLC.

122.     On September 9, 2020, ILLUMINARIUM EXPERIENCES, LLC caused the filing of Application No. 90169075 for the mark **ILLUMINARIUM EXPERIENCES** (the "075 Application") in connection with "Magnets" in International Class 9, in connection with "Jewelry; Key chains" in International Class 14, in connection with "Decals; Maps; Pencils; Pens; Posters; Prints; Stickers; Fiction books on a variety of topics; Flash cards; Note cards; Stationery writing paper and envelopes; Children's books; Non-fiction books on a variety of topics" in International Class 16, in connection with "Baggage tags" in International Class 18, in connection with "Bowls; Drinkware; Mugs; Vases; Baskets for household purposes; Shot glasses; Water bottles sold empty" in International Class 21, in connection with "Textile wall hangings" in International Class 24, in connection with "Socks; Sweatshirts; T-shirts; Baseball caps and hats; Jackets" in International Class 25, in connection with "Non-textile wall hangings" in International Class 27, and in connection with "Board games; Plush toys" in International

Class 28. The signatory on the 075 is Christopher Renaud, Chief Financial Officer of ILLUMINARIUM EXPERIENCES, LLC.

123.   On September 10, 2020, ILLUMINARIUM EXPERIENCES, LLC  caused the filing of Application No. 90171150 for the mark **ILLUMINARIUM EXPERIENCES** (the "150 Application") in connection with "Providing exhibitions that feature large scale projected video events, exhibits, attractions and immersive experiences that feature haptics, sound, interactivity or scent technology for entertainment and educational purposes" in International Class 41, and in connection with "Restaurant, café and bar services; providing general purpose facilities for conferences, meetings, social and business events and exhibits" in International Class 43. The signatory on the 150 Application is Christopher Renaud, Chief Financial Officer of ILLUMINARIUM EXPERIENCES, LLC.

124.   On September 9, 2020, ILLUMINARIUM EXPERIENCES, LLC caused the filing of Application No. 90169065 for the mark **ILLUMINARIUM** (the "065 Application") in connection with "Providing exhibitions that feature large scale projected video events, exhibits, attractions and immersive experiences that feature haptics, sound, interactivity or scent technology for entertainment and educational purposes"  in International Class 41, and in connection with "Restaurant, café and bar services; providing general purpose facilities for conferences, meetings, social and business events and exhibits" in International Class 43. The signatory on the 065 Application is Christopher Renaud, Chief Financial Officer of ILLUMINARIUM EXPERIENCES, LLC.

125.   The 440 Application, the 077 Application, the 075 Application, the 150 Application, and the 065 Application are collectively referred to herein as the "Fraudulent Applications".

126.   ILLUMINARIUM EXPERIENCES, LLC represented to the USPTO in the Fraudulent Applications that at the time of filing the Fraudulent Applications "To the best of the signatory's

knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

127.   ILLUMINARIUM EXPERIENCES, LLC represented to the USPTO in the Fraudulent Applications that at the time of filing the Fraudulent Applications "The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true."

128.   When ILLUMINARIUM EXPERIENCES, LLC submitted the Fraudulent Applications to the USPTO, the declarations "that all statements made on information and belief are believed to be true" were false, and material representations and ILLUMINARIUM EXPERIENCES, LLC knew the declarations were false.

129.   Upon information and belief, ILLUMINARIUM EXPERIENCES, LLC willfully misrepresented to the USPTO "that all statements made on information and belief are believed to be true" for the purpose of misleading the USPTO so that ILLUMINARIUM EXPERIENCES, LLC could obtain trademark registrations for which it was not entitled.

130.   If ILLUMINARIUM EXPERIENCES, LLC is permitted to obtain federal registrations based on the Fraudulent Applications, Plaintiff will be further damaged.

131.     By reason of the foregoing acts, ILLUMINARIUM EXPERIENCES, LLC is liable to Plaintiff for all damages it has sustained as a result of the filing of Fraudulent Applications by ILLUMINARIUM EXPERIENCES, LLC under 15 U.S.C. § 1120.

### COUNT IV: CONTRIBUTORY TRADEMARK BY INFRINGEMENT BY ALL DEFENDANTS IN VIOLATION OF 15 U.S.C. § 1114(1)

132.     Plaintiff repeats and realleges paragraphs 1 through 131 hereof, as if fully set forth herein.

133.     Upon information and belief, Defendants participated in or otherwise knowingly contributed with third parties in the marketing, advertising, promotion, and offering for sale of services under the Infringing Mark through Internet websites and social media, in interstate commerce on behalf of Defendants.

134.     Defendants have indirectly profited from these acts of infringement

135.     Defendants' contributory conduct in connection with the unauthorized and unlawful acts of the third party agents, partners, and associates, has enabled Defendants to trade unlawfully upon the established goodwill and reputation of Plaintiff.

136.     Defendants are thereby unjustly enriching themselves at the expense of and to the damage and injury of Plaintiff.

137.     The use of the Infringing Marks by Defendants and/or their third party agents, partners, and associates, as described above, constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

138.    Plaintiff has been damaged by the foregoing contributory infringement, has suffered and will continue to suffer monetary damages and loss of goodwill, and absent injunctive relief, will continue to be irreparably harmed by the actions of Defendants and/or their third party agents, partners, and associates.

## COUNT V: VICARIOUS TRADEMARK INFRINGEMENT BY ALL DEFENDANTS IN VIOLATION OF 15 U.S.C. § 1114(1)

139.    Plaintiff repeats and realleges paragraphs 1 through 138 hereof, as if fully set forth herein.

140.    Defendants have participated in or otherwise knowingly contributed to the use of the Infringing Mark(s) by third parties in connection with the sale, offering for sale, distribution, or advertising of goods or services in interstate commerce on Defendants' behalf.

141.    Defendants have the right and ability to control the content and appearance of advertising and promotional materials published and distributed on its behalf by third party agents or retailers in connection with the sale, offering for sale, distribution, or advertising of toiletries services in interstate commerce.

142.    The use of the Infringing Mark(s) by third party agents as described herein has caused confusion among consumers, and constitutes infringement of Plaintiff's Illuminus Service Mark.

143.    Defendants receive a direct financial benefit from the unauthorized use of the Infringing Mark(s) by such third parties.

144.    Defendants are therefore vicariously liable for the infringing use of the Infringing Mark(s) by its third party agents.

145.    Plaintiff has been damaged by the foregoing vicarious infringement, has suffered and will continue to suffer monetary damages and loss of goodwill, and absent injunctive relief.

## COUNT VI: TRADEMARK INFRINGEMENT UNDER MASSACHUSETTS COMMON LAW AGAINST ALL DEFENDANTS

146.    Plaintiff repeats and realleges paragraphs 1 through 145 hereof, as if fully set forth herein.

147.    Defendants are engaged in trade and commerce in the Commonwealth of Massachusetts.

148.    Defendants' actions as described above regarding the Infringing Mark(s) constitute trademark infringement in violation of Massachusetts common law for which Plaintiff has no adequate remedy at law, and will continue to do so unless Defendants are enjoined by this Court.

149.    Defendants' infringing use of the Infringing Mark(s) has been willful, wanton, reckless and in total disregard of Plaintiff's rights.

150.    By reason of the foregoing, Plaintiff has suffered and will continue to suffer monetary damages and loss of goodwill.

## COUNT VII: CANCELLATION OF TRADEMARK REGISTRATION UNDER 15 U.S.C. §1119 AS TO ILLUMINARIUM EXPERIENCES, LLC.

151.    Plaintiff repeats and realleges paragraphs 1 through 150 hereof, as if fully set forth herein.

152.    Pending the issuance of any federal registrations by the USPTO based upon the Fraudulent Applications, Plaintiff seeks to cancel such registrations.

153.    During the submission of the Fraudulent Applications, ILLUMINARIUM EXPERIENCES, LLC made fraudulent representations to the USPTO for the purpose of misleading the USPTO so ILLUMINARIUM EXPERIENCES, LLC could obtain trademark registrations for which it was not entitled.

154.    If ILLUMINARIUM EXPERIENCES, LLC is permitted to obtain federal registrations based on the Fraudulent Applications, Plaintiff will be further damaged.

155.    By reason of the foregoing facts, any registrations resulting from the Fraudulent Applications should be cancelled pursuant to the Lanham Act, 15 U.S.C. §1119.

### COUNT VIII: UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER MASSACHUSETTS GENERAL LAWS CHAPTER 93A§§2 AND 11 BY ALL DEFENDANTS

156.    Plaintiff repeats and realleges paragraphs 1 through 155 hereof, as if fully set forth herein.

157.    Plaintiff is engaged in trade and/or commerce within the meaning of G.L. c93A §2 and 11.

158.    Defendants are engaged in trade and/or commerce within the meaning of G.L. c93A §2 and 11.

159.    The transactions complained of are all occurring in a business context.

160.    All of the deceptive acts and practices complained of herein have occurred primarily and substantially within the Commonwealth of Massachusetts.

161.    Defendants' willful, intentional, knowing and bad faith actions discussed herein, namely Defendants' marketing, promotion, and provision of immersive multi-media services under the Infringing Marks which are confusingly similar to Plaintiff's **ILLUMINUS** Service Mark, to wit, Illuminarium, Illuminarium Experiences, the contribution to the Fraudulent Applications by the Illuminarium Defendants, the perpetration by ILLUMINARIUM EXPERIENCES, LLC to the USPTO of false, and material representations for the purpose of misleading the USPTO so that ILLUMINARIUM EXPERIENCES, LLC could obtain trademark registrations for which ILLUMINARIUM EXPERIENCES, LLC  is not entitled constitute unfair and deceptive trade practices within the meaning of G.L. c93A.

162.    The Defendants' acts and/or omissions identified herein constitute unfair and/or deceptive acts and/or practices all in  violation of G.L. c93A §§ 2 and 11 which give rise to damages, attorneys fees, costs, court costs , and the like.

163.    Defendants' willful, intentional and bad faith actions set forth herein constitute knowing and/ or willful violations of G.L. c93A §§2 and 11 which give rise to punitive damages of not less than two times nor more than three times actual damages, plus attorney's fees, costs, and other costs.

164.    As a result of the acts and omissions of the Defendants that give rise to violations of G.L. 93A, Plaintiff has suffered and continues to suffer great damage.

**COUNT IX: CIVIL CONSPIRACY AND AIDING AND ABETTING BY ALL DEFENDANTS**

165.    Plaintiff repeats and realleges paragraphs 1 through 164 hereof, as if fully set forth herein.

166.     The Defendants, collectively, formed a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means, and each of them committed one or more acts in concert with the others in the furtherance of their common design or agreement.

167.     The combination, moreover, of the Defendants, with the pooled resources and knowledge, expertise and other joint attributes, constitutes a greater coercive effect against in detriment to the rights of Plaintiff Illuminus.

168.     In a news report published by the Illuminarium Defendants, Rockwell is touted as their "Design Partner". Attached as Exhibit 5 is a printout of excerpts of said news report published by the Illuminarium Defendants.

169.     Defendants were actually aware of the distinction, reputation, and goodwill of Mr. Grantz and Illuminus in the media format known as 3D projection mapping and the rendering of immersive multi-media environments, yet they aided and abetted each other in the use of the Infringing Mark(s) in commerce.

170.     The Defendants, all actively participated, and/or substantially assisted in, and/or encouraged, the design, creation, provision, marketing, advertising, and promotion of immersive 3D media installations under the Infringing Marks.

171.     The Illuminarium Defendants contributed to the Fraudulent Applications filed by ILLUMINARIUM EXPERIENCES, LLC wherein fraudulent representations were perpetrated upon the USPTO for the purpose of misleading the USPTO so that ILLUMINARIUM EXPERIENCES, LLC could obtain trademark registrations for which it was not entitled and to unjustly benefit therefrom.

172.     The Defendants all, further, conspired and aided and abetted each other in furtherance of and with the deliberate intent to trade on the goodwill of Plaintiff's **ILLUMINUS** Service Mark, to cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's services to the Defendants.

173.     As a result, Plaintiff has suffered, and continues to suffer, great harm and damage.

174.     Each such Defendant should be held liable by this Honorable Court, jointly and severally for the harm suffered by Plaintiff.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     A determination that all of the Defendants are jointly and severally liable for any and all damages;

2.     A determination that the Defendants are all liable for any such damages, consequential damages, special damages, costs, court costs, and the like;

3.   That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and the entry of judgment.

4.     That Defendants have committed unfair and deceptive trade practices in violation of M.G.L. c§93A, §§ 2 and 11.

5.     The award of damages, attorneys fees, cots and interest pursuant to M.G.L. c 93A§§ 2 and 11 for any and all damages sustained by Plaintiff as a result of the acts and/or omissions of the Defendants;

211222                                    41

6.     A determination that Defendants have committed knowing and/or willful unfair and/or deceptive acts and trade practices in violation of  M.G.L. c93A  §§ 2 and 11, thus giving rise to punitive damages of not less than two times nor more than three times actual damages,  attorneys fees, cots and interest pursuant to M.G.L. c 93A§§ 2 and 11 for any and all damages sustained by Plaintiff as a result of the acts and/or omissions of the Defendants;

7.     The grant of an injunction preliminarily and permanently enjoining the Defendants, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.     selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise or promote any goods or services bearing the mark ILLUMINARIUM, ILLUMINARIUM EXPERIENCES or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's **ILLUMINUS** Service Mark;

b.     engaging in any activity that infringes Plaintiff's rights in its **ILLUMINUS** Service Mark;

c.     engaging in any activity constituting unfair competition with Plaintiff;

d.     making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and/or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

e. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark Illuminarium, Illuminarium Experiences or any other mark that infringes or is likely to be confused with Plaintiff's **ILLUMINUS** Service Mark or any goods or services of Plaintiff, or Plaintiff as their source; and

g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

8. The grant of such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

9. Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, magnets, jewelry, key chains, decals, maps, pencils, pens, posters, prints, stickers, fiction books, flash cards, note cards, stationery writing paper and envelopes, children's books, non-fiction books, baggage tags, bowls, drinkware, mugs, vases, baskets, shot glasses, water bottles, textile wall hangings, non-textile wall hangings, socks, sweatshirts, t-shirts, baseball caps and hats, jackets, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the marks Illuminarium and/or Illuminarium Experiences or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's **ILLUMINUS** Service Mark, and to direct all distributors, retailers, wholesalers, and other

individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods and/or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the marks Illuminarium, and/or Illuminarium Experiences or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's **ILLUMINUS** Service Mark, and to immediately remove them from public access and view.

10.    Directing that Defendants recall and deliver up for destruction all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the marks Illuminarium and/or Illuminarium Experiences or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's **ILLUMINUS** Service Mark.

11.    Directing the Illuminarium Defendants to formally abandon with prejudice any and all of its applications to register the marks Illuminarium, Illuminarium Experiences or any mark consisting of, incorporating, or containing Plaintiff's **ILLUMINUS** Service Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

12. Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of any federal trademark registrations resulting from the 440 Application, the 077 Application, the 075 Application, the 150 Application, and the 065 Application (collectively the "Fraudulent Applications") and any and all other federal registrations for the mark Illuminarium, and/or Illuminarium Experiences or any mark consisting of, incorporating, or containing Plaintiff's **ILLUMINUS** Service Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by Defendants.

13.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

14.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

15.     Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

16.     Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

17.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

18.     Finding that the Defendants have violated G. L. c93A and to award such damages, including punitive damages of not less than two times nor more than three times actual damages for any finding of willful and/or a knowing violation of the statute, plus attorney's fees and costs.

19. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

20. The award of interest at the state law rate whether in Massachusetts or otherwise;

21. The award of interest pursuant to G.l. c 231 6(b) and 6(c );

22. Granting Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law.

23. Awarding legal fees on any other basis cognizable in law.

24. Awarding any other legal or equitable relief that this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON THOSE ISSUES TO TRIABLE**

Respectfully submitted,

/s/ Jeffrey S. Baker

Date: December 22, 2021

_____
Jeffrey S. Baker, Esq.
BAKER & ASSOCIATES
Two West Hill Place, Suite 100
Boston, MA 02114
Phone: 617 953 6747
Phone: (617) 573-9505
Fax: (617) 573-9503
E-mail: bakerlaw@aol.com
BBO#544929

**EXHIBIT 1**

**Registration Certificate for Plaintiff's Mark [and Maintenance Records]**



# ILLUMINUS

**Reg. No. 4,972,777**
**Registered June 7, 2016**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

ILLUMINUS LLC (MASSACHUSETTS LIMITED LIABILITY COMPANY)
750 DORCHESTER AVENUE
BOSTON, MA 02125

FOR: ORGANIZING COMMUNITY FESTIVALS FEATURING PRIMARILY ART AND MUSIC
AND ALSO PROVIDING CONTEMPORARY ART, PUBLIC ART, PROJECTION ART, IN
CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 8-1-2014; IN COMMERCE 8-1-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-789,306, FILED 10-15-2015.

DAVID MURRAY, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

**EXHIBIT 1**

**Registration Certificate for Plaintiff's Mark [and Maintenance Records]**

Trademark Status & Document Retrieval                                            https://tsdr.uspto.gov/#caseNumber=86789306&caseType=SERIAL_N...

**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

**Processing Wait Times:** Please note that due to an extraordinary surge in applications, processing times are longer than usual. See **current trademark processing wait times** for more information.

| STATUS | DOCUMENTS | MAINTENANCE | | Back to Search | Print |

|  |  |
| --- | --- |
| **Generated on:** This page was generated by TSDR on 2021-09-01 10:50:02 EDT | |
| **Mark:** ILLUMINUS | |

# ILLUMINUS

| | | | |
| --- | --- | --- | --- |
| **US Serial Number:** | 86789306 | **Application Filing Date:** | Oct. 15, 2015 |
| **US Registration Number:** | 4972777 | **Registration Date:** | Jun. 07, 2016 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **TM5 Common Status Descriptor:** | | LIVE/REGISTRATION/Issued and Active | |
| | | The trademark application has been registered with the O | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents a | | |
| **Status Date:** | Jun. 07, 2016 | | |
| **Publication Date:** | Mar. 22, 2016 | | |

**Mark Information**

**Goods and Services**

**Basis Information (Case Level)**

**Current Owner(s) Information**

**Attorney/Correspondence Information**

**Prosecution History**

| Date | Description | Proceeding Number |
| --- | --- | --- |
| Jul. 13, 2021 | TEAS SECTION 8 RECEIVED | |
| Jul. 12, 2021 | TEAS SECTION 15 RECEIVED | |
| Jun. 07, 2021 | COURTESY REMINDER - SEC. 8 (6-YR) E-MAILED | |

Privacy - Terms

**EXHIBIT 2**

**Samples of Plaintiff's Use of its Mark**

**Event Poster**



**EXHIBIT 2**

**Samples of Plaintiff's Use of Plaintiff's ILLUMINUS Service Mark**

**www.Illumiusboston.org**



ILLUMINUS is a free nighttime festival where Boston's artists, designers, performers, and creative technologists converge to showcase their most thoughtful, innovative, and imaginative works.



**EXHIBIT 2**

**Samples of Plaintiff's Use of Plaintiff's ILLUMINUS Service Mark**

**www.Illumiusboston.org**





**EXHIBIT 2**

**Samples of Plaintiff's Use of Plaintiff's ILLUMINUS Service Mark**

**www.Illumiusboston.org**





**EXHIBIT 2**

**Samples of Plaintiff's Use of Plaintiff's ILLUMINUS Service Mark**

**www.Illumiusboston.org**

**EXHIBIT 2**

Illuminus poster from 2014



**EXHIBIT 2**

**Samples of Plaintiff's Use of its Plaintiff's ILLUMINUS Service Mark**

Title page to ILLUMINUS promo videos



**Illuminus Facebook Page**



**EXHIBIT 3**

**Representative Samples and URL's of Unsolicited Media Coverage of Plaintiff's ILLUMINUS Service Mark and the Services Offered Thereunder.**

## Cover of Panorama Magazine:
https://issuu.com/bostonguide/docs/panorama_181022



**EXHIBIT 3**

**Representative Samples and URL's of Unsolicited Media Coverage of Plaintiff's ILLUMINUS Service Mark and the Services Offered Thereunder.**

**Bostonglobe.com**

# Boston's Illuminus Festival lights up the Financial District with socially minded art

Just in time for the holidays, high-tech installations tackle everything from gender to criminal justice.

By **Chris Triunfo** Globe Correspondent, Updated November 27, 2019, 7:37 p.m.

   



Each year, the Illuminus festival lights up the buildings of downtown Boston for two special nights. MICHAEL J. CLARKE

New Yorkers have their Snowflake Spectacular, when dramatic LED lights twinkle from the Saks Fifth Avenue facade. Parisians have their Nuit Blanche, an all-night festival beloved for its glowing sculptures and building displays. Here in Boston, for the fifth consecutive year, the Illuminus Festival will brighten some of the city's most high-profile addresses with large-scale digital and video art projections.

Previous iterations of Illuminus brought pop-ups of abstract and cheerful high-tech art to the South End, Downtown Crossing, and even Fenway Park. But this year, organizers tapped more than a dozen artists (all from New England) to tackle important social issues, from gender to the artificial lives we construct for social media. "This year's experience will hopefully make a lot of people stop and think," said Illuminus curator David Guerra, who is also the founder and director of the Area Gallery in the South End.

**EXHIBIT 3**

**Representative Samples and URL's of Unsolicited Media Coverage of Plaintiff's ILLUMINUS Service Mark and the Services Offered Thereunder.**

**Metro.us.com**

Boston

## Illuminus contemporary arts festival lights up Boston

Sarah Luoma                    0 comments   Posted on November 6, 2018





Boston's Illuminus event lit up city facades in Downtown Crossing over the weekend. The contemporary arts festival featured art installations using an array of light and sound through video projections and other techniques, performances and more from a variety of artists, designers and technologists.

In its third year, organizers of the event partnered with non-profit LuminArtz once again to bring art to the public in the hopes of encouraging conversation and culture while giving up-and-coming, as well as established artists, a place to showcase their talents.



"Illuminus is a vital component to Boston's cultural life. It brings together Bostonians from every neighborhood, attracts people from the surrounding areas, and provides visitors a magical experience," Mayor Marty Walsh shared.

Adding, "events like Illuminus help Boston achieve its cultural goals, and are an economic driver for restaurants & retail for host communities."

**EXHIBIT 3**

**Representative Samples and URL's of Unsolicited Media Coverage of Plaintiff's ILLUMINUS Service Mark and the Services Offered Thereunder.**

https://www.bostonglobe.com/2019/11/27/arts/bostons-illuminus-festival-lights-up-financial-district-with-socially-minded-art/

https://www.sixteen-nine.net/2014/10/30/projects-bostons-sowa-district-gets-projection- mapped-for-illuminus/

https://www.metro.us/illuminus-contemporary-arts-festival-lights-up-boston/

https://blog.epson.com/featured/illuminus-light-festival/

https://artnewengland.com/blogs/illuminus/

https://bostonguide.com/article-78605-boston-accent:-guiding-light.html

https://www.bostonmagazine.com/tag/free-events/page/7/

https://dailyfreepress.com/2019/12/08/illuminus-showcases-light-installations-with-socio- political-messages/

https://dailyfreepress.com/2015/09/30/preview-contemporary-nighttime-festival-illuminus-to- light-up-boston/

https://www.bostonglobe.com/arts/2014/10/23/illuminus-lights-sowa-with-artful-projections/dF0SQh8WpW9Dcvq7ozbX9O/story.html

https://www.americaninno.com/boston/illuminus-boston-recap-time-lapse-video-of-south- end-light-show/

https://wwd.com/fashion-news/fashion-scoops/illuminus-fenway-park-boston-10258383/

https://www.bizjournals.com/boston/inno/stories/news/2017/11/03/downtown-crossing- transformed-into-a-digital-arts.html

http://word.emerson.edu/fall17jr102-08/2017/11/16/downtown-festival-bring-international-art- movement-to-boston/

https://dezignark.com/blog/arch-tech-how-emerging-technologies-is-enabling-creativity-jeff- grantz-tedxbeaconstreetsalon/

https://four-letterword.com/2015/10/17/illuminus-2015/

**EXHIBIT 3**

**Representative Samples and URL's of Unsolicited Media Coverage of Plaintiff's ILLUMINUS Service Mark and the Services Offered Thereunder.**

https://designmuseumfoundation.org/awakening-cities/

https://www.colorkinetics.com/global/showcase/illuminus

https://www.wbur.org/artery/2014/10/24/illuminus-arts-festival

https://www.wbur.org/artery/2014/12/30/boston-best-visual-art-2014

https://www.wbur.org/artery/2018/11/01/teresita-cochran-ice-installation-boston-2070- illuminus

https://news.mit.edu/2015/dissolve-unconference-solve-hubweek-0929

https://www.bu.edu/artsadmin/2018/10/30/illuminus-boston-2018/

https://www.bcheights.com/2017/11/05/festival-shines-night/

https://www.boston.com/culture/entertainment/2015/10/11/watch-fenway-light-up-like-youve- never-seen-it-before/

https://publicartboston.com/content/illuminus-festival/

https://www.prnewswire.com/news-releases/epson-projectors-to-dazzle-downtown-boston- during-5th-annual-illuminus-projection-mapping-outdoor-festival-300964146.html

https://bigredandshiny.org/467/in-pictures-illuminus-an-eruption-of-art-in-public-places/

https://www.avnetwork.com/news/boston-gears-up-for-illuminus-projection-mapping-festival

https://college.berklee.edu/news/berklee-and-boco-musicians-play-green-monster

https://www.abigailogilvy.com/blog/tag/Illuminus+Boston

https://www.baystatebanner.com/2020/10/29/the-peoples-memorial-project/

https://dssg.fas.harvard.edu/event/art-tech-activism/

https://www.livedesignonline.com/christie-supports-boston-s-illuminus-nuit-blanche-festival- as-presenting-sponsor

## EXHIBIT 3

**Representative Samples and URL's of Unsolicited Media Coverage of Plaintiff's ILLUMINUS Service Mark and the Services Offered Thereunder.**

https://digitalsignageworld.es/noticias/las-proyecciones-de-illuminus-convierten-a-boston-en- un-lienzo-urbano/

https://thebostonsun.com/2017/11/10/illuminus-boston-lights-up-downtown-crossing/
https://digboston.com/interview-the-peoples-memorial-project/

http://www.dailydooh.com/archives/101444 https://www.livedesignonline.com/news/innovative-visual-art-duo-create-transformative-video- paintings-epson-projectors

https://www.bostonglobe.com/business/2017/11/05/landmark-travels-back-time-thanks-technology/YSApXNeuk2oZl3Op8cHWKL/story.html

https://artsfuse.org/221005/visual-arts-review-two-public-art-projects-in-boston-provocative- visual-expressions-of-the-21st-century/

https://www.thesomervilletimes.com/archives/63466 https://newlatinxartcollective.org/arantxa-araujo/

https://esn.net/illuminus-a-contemporary-arts-festival-december-5-6-2019-downtown-boston/

https://bunewsservice.com/illuminus-boston-turns-downtown-crossing-into-an-art-gallery/

https://www.csmonitor.com/The-Culture/Arts/2014/1117/Illuminated-urban-canvas

https://www.digitalavmagazine.com/2019/11/27/illuminus-contara-con-epson-para-convertir- boston-en-centro-del-videoarte/

https://www.bostonherald.com/2015/11/30/tracked-down-vertical-horizon-zdeno-chara-carly- simon/

https://artsfuse.org/117355/fuse-visual-arts-photo-gallery-images-from-illuminus-bostons-first- nuit-blanche/

http://www.prweb.com/releases/2014/11/prweb12292168.htm
https://www.newsbreak.com/news/2091947574561/the-people-s-memorial-project

https://today.emerson.edu/2017/12/04/the-uncommon-project-projects-a-bright-future-for- boylston-street/

**EXHIBIT 3**

**Representative Samples and URL's of Unsolicited Media Coverage of Plaintiff's ILLUMINUS Service Mark and the Services Offered Thereunder.**

https://www.24-7pressrelease.com/press-release/396516/christie-supports-bostons-illuminus- nuit-blanche-festival-as-presenting-sponsor

https://esplanade.org/wp-content/uploads/2020/03/1BG-11-15-2019-Boston-Guardian.pdf
https://www.newspapers.com/newspage/444548635/ https://www.visitma.com/event/23472/

https://www.thecrimson.com/column/arts-around-town/

https://www.bizbash.com/venues-destinations/united-states/boston/article/13232533/see-fenway-park-turned-into-a-giant-musical-instrument

https://massart.edu/artwork/glitche https://architizer.com/projects/projective-dualism-20/

Online story from The Guardian

"10 of the best night-time festivals this autumn"

https://www.theguardian.com/travel/2018/sep/21/10-best-night-time-festivals-autumn-paris- tokyo-diwali

https://architizer.com/projects/projective-dualism-20/

**EXHIBIT 4**

**Samples of Defendants' Use of the Infringing Mark**



**EXHIBIT 4**

**Samples of Defendants' Use of the Infringing Mark**

Illuminarium Poster Design and promotional image



**EXHIBIT 4**

**Samples of Defendants' Use of the Infringing Mark**



**Illuminarium Facebook Page**



**Exhibit 5**

**News/Press Release Published by the Illuminarium Defendants**



## Illuminarium Experiences Reaches $100 Million in Initial Funding with Strategic Investment from Eldridge

Investment Will Create Content and Partnership Potential Across Eldridge's Network While Fueling Global Expansion

NEWS PROVIDED BY
**Illuminarium →**
Jun 02, 2021, 08:00 ET

SHARE THIS ARTICLE



ATLANTA, June 2, 2021 /PRNewswire/ -- Illuminarium Experiences, a breakthrough global experiential entertainment company created by worldwide leaders in cinematic and interactive content, architectural and theatrical design, and venue operations, announced today it has received $100 million in initial funding, with its newest significant investment from Eldridge.

### The Illuminarium Team

Illuminarium Experiences has been created by a team who bring extraordinary leadership, content creation, architectural and theatrical design, and operational expertise to the enterprise. They include:

- Design Partner: Rockwell Group, one of the world's most admired and awarded architecture and design firms, founded by David Rockwell, with a specialty in hospitality, cultural, theatrical, experiential and interactive project design and development.