UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-11586-RGS

ILLUMINUS, LLC

v.

ILLUMINARIUM EXPERIENCES, LLC;
ILLUMINARIUM BELTLINE, LLC;
CS ILLUMINARIUM, LLC;
ILLUMINARIUM ACCESS PA GP, LLC;
INTUITUS ILLUMINARIUM, LLC;
NEW ILLUMINARIUM INVESTORS, LLC;
SSS ILLUMINARIUM, LLC;
and ROCKWELL ARCHITECTURE,
PLANNING AND DESIGN, PC

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

July 13, 2023

STEARNS, D.J.

Plaintiff Illuminus LLC sues defendants Illuminarium Experiences, LLC; Illuminarium Beltline, LLC; CS Illuminarium, LLC; Illuminarium Access PA GP, LLC; Intuitus Illuminarium, LLC; New Illuminarium Investors, LLC; SSS Illuminarium, LLC; and Rockwell Architecture, Planning and Design, PC, for trademark infringement. Defendants move to dismiss for lack of personal jurisdiction, lack of venue, and failure to state a claim. The court will allow the motion on jurisdictional grounds.

## LEGAL STANDARD

"Where, as here, a motion to dismiss for want of in personam jurisdiction is made at the inception of the case and the issue of jurisdiction is not intertwined with the merits, the prima facie approach controls." *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121 (1st Cir. 2022). Under this standard, plaintiff bears the burden to proffer sufficient facts that, if credited, would support the exercise of personal jurisdiction. *Id.* Although the court must "'take specific facts affirmatively alleged by the plaintiff as true . . . and construe them in the light most congenial'" to the plaintiff, "the 'liberality of this approach' does not mean that [the court] must 'credit conclusory allegations or draw farfetched inferences.'" *Lin v. TipRanks, Ltd.*, 19 F.4th 28, 33 (1st Cir. 2021), quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).

## DISCUSSION

"It is basic law that a court must have personal jurisdiction over the parties to hear a case." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 617 (1st Cir. 2001). "In the mine-run of federal question cases, Federal Rule of Civil Procedure 4(k)(1) erects the framework for establishing personal jurisdiction by service of process." *Motus*, 23 F.4th at 121. "Under this framework, personal jurisdiction may derive either from a state long-arm

statute that sets the boundaries of a state court's jurisdictional reach or from a federal statute permitting nationwide personal jurisdiction by service of process." *Id.* at 121-122.

Illuminus contends that jurisdiction derives from the Massachusetts Long-Arm Statute, which provides for jurisdiction "as to a cause of action" arising from:

> (a) transacting any business in this commonwealth;
> (b) contracting to supply services or things in this commonwealth;
> (c) causing tortious injury by an act or omission in this commonwealth; [or]
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth[.]

Mass. Gen. Laws ch. 223A, § 3. The court is not convinced that Illuminus has alleged facts sufficient to satisfy any of these subsections. It need not decide the issue, however, because regardless of the outcome, Illuminus's assertion of personal jurisdiction would fail for reasons of due process.

The Due Process Clause imposes the following three requirements for exercising specific jurisdiction over out-of-state defendants:[1]

---

[1] There is no evidence any of the defendants conduct sufficient business to be "at home" in this forum and thus subject to general jurisdiction.

> First, the plaintiff's claim must directly arise from or relate to the defendant's activities in the forum. Second, the defendant's forum-state contacts must "represent a purposeful availment of the privilege of conducting activities in that state." Third, the exercise of specific jurisdiction in the forum must be reasonable under the circumstances.

*Kuan Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 59 (1st Cir. 2020), quoting *Scottsdale Cap. Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018). The court's analysis starts and ends with the second requirement, purposeful availment.

"'[T]he two cornerstones of purposeful availment' are 'voluntariness' and 'foreseeability.'" *PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 19-20 (1st Cir. 2019), quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 207 (1st Cir. 1994). Illuminus argues that jurisdiction in this court would be foreseeable to defendants based on the following specific voluntary[2] acts or omissions:[3] (1) defendants' operation of a website selling

---

[2] Illuminus references ticket sales on third-party websites, *see* Second Gantz Aff. [Dkt # 32-2] ¶ 5, but even assuming that these third-party websites somehow target Massachusetts' residents, Illuminus fails to allege any facts linking the activities of the individuals or entities identified on the websites to defendants. These activities accordingly cannot be used to establish purposeful availment on the part of defendants. *See PREP Tours*, 913 F.3d at 20.

[3] Although Illuminus has plausibly alleged that defendants were aware of Illuminus prior to establishing their business, it fails to identify any corresponding act or omission sufficient to give rise to jurisdiction. It does not, for example, allege any specific facts indicating that defendants

4

tickets to in-person events in Georgia and Nevada that anyone, including Massachusetts residents, can use; and (2) defendants' act of posting advertisements for those events on publicly-accessible social media pages. It is not clear, however, how either one constitutes a contact *with Massachusetts* such that defendants should "reasonably anticipate being haled into court" in this forum. *Kuan Chen*, 956 F.3d at 59, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Illuminus does not, for example, allege that any portion of any website or social media post was deliberately written to appeal to Massachusetts customers, nor does it contend that defendants derived substantial revenue from sales to Massachusetts residents. *See id.* at 59-60.

Illuminus attempts to bridge the gap by suggesting that defendants must, at some point, have targeted a Massachusetts resident because defendants use search engine optimization marketing and cookies to promote their website to anyone searching certain key terms or to continue promoting it to anyone that has ever visited their website, and at least one Massachusetts resident has either searched a relevant keyword or used their website. Pl.'s Suppl. Opp'n [Dkt # 45] at 2. Even assuming the court could

---

"intentionally infringed on the [Illuminus] trademark in order to cause injury in Massachusetts." *Media3 Techs., LLC v. CableSouth Media III, LLC*, 17 F. Supp. 3d 107, 113 (D. Mass. 2014).

rely on such speculation as grounds for jurisdiction, the problem is this: The relevant inquiry is not whether some Massachusetts residents have incidentally been directed towards defendants' website through cookies or search engine optimization marketing; it instead is whether defendants used these means specifically to target Massachusetts residents. In the absence of any factual allegation to the latter effect, Illuminus has not shown that personal jurisdiction lies here.

## ORDER

For the foregoing reasons, defendants' Motion to Dismiss is ALLOWED. The case is dismissed without prejudice for lack of personal jurisdiction.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE